**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAMVAN THI NGUYEN; TY BUI,

     Plaintiffs-Appellants,

v.

HONDA MOTOR COMPANY LTD.;
AMERICAN HONDA MOTORS, CO.,
INC.; HONDA RESEARCH &
DEVELOPMENT COMPANY, LTD.;
HONDA OF AMERICA MFG., INC.,

     Defendants.

     and

PONY EXPRESS COURIER CORP.;
RODGER SHEETZ,

     Defendants-Appellees.

No. 98-3139
(D.C. No. 96-1259-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Camvan Thi Nguyen and Ty Bui, wife and husband, appeal the district court's entry of summary judgment in favor of defendants-appellees Rodger Sheetz and Pony Express Courier Corp. (Pony Express) on their negligence claim arising from an automobile accident.  Plaintiffs' claims against the other defendants have been resolved and are not before this court.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

While driving a Honda automobile on a two-lane highway in Gray County, Kansas, Mai Chi Thi Nhat Nguyen attempted to pass a semi-trailer truck.  When she was unable to pass the truck or return to her lane, she struck a Pony Express delivery vehicle driven by appellee Rodger Sheetz.  Plaintiff Nguyen, a passenger in the Honda, was injured.  At the scene, Mr. Sheetz spoke with law enforcement and medical emergency personnel.  Two paramedics drove Mr. Sheetz to a hospital and checked his physical condition on the way.  He was released from the hospital shortly after his arrival.  He and his supervisor then went back to the

scene of the accident to load the parcels from the wrecked delivery truck onto another truck.

Plaintiffs claim Mr. Sheetz was negligent in failing to avoid the collision with the Honda, and that his employer, Pony Express, was negligent in failing to have Mr. Sheet's blood alcohol level tested immediately following the accident. They challenge the district court's entry of summary judgment in favor of Mr. Sheetz and his employer, claiming that the following issues of material fact preclude summary judgment: (1) whether Mr. Sheetz was exhausted, thus permitting the inference that his reaction time was longer than was reasonable and thereby contributed to causing the accident; (2) whether Mr. Sheetz was traveling too fast under the circumstances, even though he was not exceeding the speed limit; and (3) whether Mr. Sheetz had consumed alcoholic beverages at some time prior to the accident that adversely affected his response to the oncoming Honda.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

In this case based on diversity, we must reach the same conclusion the state's highest court would reach. See Blanke v. Alexander, 152 F.3d 1224, 1228 (10th Cir. 1998). In applying Kansas law, we afford no deference to the district court's legal rulings. See Salve Regina College v. Russell, 499 U.S. 225, 238-39 (1991). Under Kansas law,

> [f]or an individual to be liable for a negligent or wrongful act, there must be a duty to act. Therefore, the injured party must show: (1) a causal connection between the duty breached and the injury received and (2) damage from negligence. An accident which is not reasonably foreseeable by the exercise of reasonable care and prudence is not sufficient grounds for a negligence action.

Woodruff v. City of Ottawa, 951 P.2d 953, 956 (Kan. 1997).

Plaintiffs urge an inference that Mr. Sheetz was exhausted by the fact that he had worked a long shift that day after working a similarly long shift the previous day and then mowing his lawn. They also argue that the hot day and lack of air conditioning in the Pony Express vehicle contributed to Mr. Sheetz's exhaustion. They maintain, therefore, that because he must have been exhausted, his reaction time was slowed, preventing him from avoiding the collision with the Honda.

To support their claim that Mr. Sheetz was under the influence of alcohol at the time of the accident, plaintiffs point to the following uncontroverted facts: Mr. Sheetz drank three or four beers on the evening before the accident, he drank one beer in the shower and then drank two "stiff drinks" with his neighbor on the

-4-

evening after the accident, and he stated he was an alcoholic and drank an occasional beer. On the night of the accident after Mr. Sheetz had consumed alcohol at his neighbor's, the police took him to the hospital again and tested his blood alcohol level. The test results were .10% and .124%. Plaintiffs submitted the expert opinion of John Brick, Ph.D., who reviewed written reports relevant to Mr. Sheetz's alcohol consumption. In the expert's opinion, Mr. Sheetz had "underestimated his actual alcohol consumption." Appellees' Supp. App., at 218. The expert concluded that if Mr. Sheetz's statement of the amount of alcohol he had consumed was correct, then he "had to have consumed alcohol prior to the crash." Id. at 219.

Plaintiffs' appellate arguments are based solely on speculation and conjecture. No evidence supports their allegations that Mr. Sheetz was too exhausted to react in a reasonably prudent manner, that he was driving too fast for conditions, that he had consumed alcoholic beverages prior to the accident, or that he was under the influence of alcohol at the time of the collision. Mere speculation unsupported by evidence is insufficient to resist summary judgment. See Peterson v. Shanks, 149 F.3d 1140, 1144-45 (10th Cir. 1998); Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1170 (10th Cir.), cert. denied, 119 S. Ct. 617 (1998); Wasson v. Brewer's Food Mart, Inc., 640 P.2d 352, 357 (Kan. Ct. App. 1982).

The opinion of plaintiffs' expert, even though based on some evidence, constitutes only a "mere scintilla" of evidence on which a judgment in favor of the nonmovant cannot be upheld. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). We also reject plaintiffs' assertion that disputed issues of material fact exist based on the statements of unidentified hospital personnel, reported by a police officer, that Mr. Sheetz had symptoms of alcohol consumption while at the hospital shortly after the accident. See Thomas v. International Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995) (inadmissible hearsay will not defeat summary judgment). Plaintiffs have produced no evidence to support their claim that Mr. Sheetz failed to act with reasonable care and prudence in response to the situation. See Woodruff, 951 P.2d at 956.

Plaintiffs' claim that Pony Express was negligent for failing to have Mr. Sheetz tested for alcohol use immediately following the action is without merit. There is no causal connection between the failure to test and plaintiff Nguyen's injuries. See id.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge